Argued October 13, 1932; affirmed January 31, 1933.

# MATTSON *v.* PRUDENTIAL SAVINGS & LOAN ASSOCIATION

(18 P. (2d) 588)

*Barnett H. Goldstein,* of Portland (Phelps & Burdick, of Portland, on the brief), for appellant.

*L. A. Recken,* of Portland (Senn & Recken, of Portland, on the brief), for respondent.

RAND, C. J. On June 8, 1926, plaintiff deposited with the defendant corporation the sum of $500. This action was brought to recover that sum with interest at the rate of 7 per cent per annum from said date. The complaint alleges that the transaction was a loan made under the express agreement that the same should be payable on demand and draw interest at the rate of 7 per cent per annum. The defendant is a

building and loan or savings and loan association organized under the laws of this state. Sections 25-301 to 25-335, Oregon Code 1930.

In its answer, the defendant admitted receipt of the money but denied that the transaction was a loan and alleged that it was paid in the purchase of one hundred class B shares of the defendant corporation, under an agreement in writing whereby plaintiff agreed to and did pay $200 as a membership fee and agreed to pay monthly installments of $35, commencing with the month of July, 1926, and paid the other $300 as an advancement on said monthly installments thereafter to become due. The answer also alleges that plaintiff had been credited semi-annually, upon the books of the corporation, with various sums as interest and that, under the by-laws of the corporation, he was subject to assessments upon all delinquent installments and that, because of his failure to make said monthly payments, he has been assessed with the sum of $270 for his delinquency, and "now has a credit with the defendant in the sum of $94.11 which the defendant now tenders unto the plaintiff."

In his reply plaintiff denied all said allegations and, in substance, affirmatively alleged that he made said deposit of $500 at the solicitation of an agent of defendant, who represented to him that he could deposit said sum with the defendant corporation and receive interest thereon at 7 per cent per annum, and that, at that time, he had no knowledge or information that the defendant was engaged in a building and loan business; that plaintiff was a laborer seventy years of age, and that, if he ever signed any writing applying for membership in said corporation, as alleged in the answer, he did so under the representation then

made to him that the document he was signing was merely a signature card so that the defendant would have his genuine signature on file in case plaintiff should wish to withdraw said sum; that at the time his eyesight was poor and he did not have his glasses with him and was unable to read the document; that he believed he was signing a signature card and not an agreement to become a member of the defendant corporation, or one which obligated him to make any further payments.

The cause was tried to a jury and plaintiff had verdict and judgment for the amount sued for and defendant has appealed. Defendant assigns error in the overruling of its motion for a nonsuit and of its motion for a directed verdict and in the refusal of the court to give certain instructions requested by defendant.

■ Upon the trial of the cause plaintiff offered evidence tending to show that the representations alleged in the complaint and in the reply were made as alleged and that at the time he made said deposit the defendant promised and agreed to pay plaintiff on demand said sum of $500 with interest as alleged, and that he had no knowledge or information of defendant's business except that he understood and believed the defendant was conducting a savings bank, and that he had no intention of becoming a shareholder of the defendant corporation, or to purchase any of its shares. He also offered evidence tending to show that the writing offered by the defendant, purporting to be an agreement by plaintiff to purchase shares of the defendant corporation was not signed by him and that his pretended signature thereon was a forgery and not the genuine signature of plaintiff.

Defendant also offered in evidence a card showing the admitted genuine signature of plaintiff, which contains the notation: "Below please find signature, which you will recognize in the payment of funds or the transaction of other business on my account." This is the card which plaintiff admitted in the pleadings and on the trial to have been signed by him. A comparison of this signature and of the pretended signature of plaintiff on the agreement, which defendant alleges was an application by plaintiff to purchase these shares, strongly indicates if it does not definitely establish that the pretended signature on the latter instrument was a forgery. Under this evidence, the jury was warranted in finding against defendant upon all the issues made by the pleadings and, hence, the overruling of both the motion for a nonsuit and the motion for a directed verdict was proper.

■ It is unnecessary to set forth herein the four instructions requested by defendant and refused by the court. They all relate either to the rules of law applicable to a valid contract or to the force and effect of by-laws of the corporation and to the statutes governing the rights of a shareholder in a corporation such as the defendant. In respect to all these matters, the court fully and fairly instructed the jury and there was no exception taken by defendant to any instruction given. Defendant was entitled to have the jury instructed upon the law applicable to its theory of the case in so far as the same was applicable under the pleadings and proof, and this was done. A careful examination of the record convinces us that no error was committed and that the judgment must be affirmed. It is so ordered.

Bean, Rossman and Kelly, JJ., concur.